

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 16, 2021

Hon. Katherine Polk Failla
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007



Re: *L.G.C. v. Decker et al.,* **No. 21 Civ. 8800 (KPF)**

Dear Judge Failla:

      This Office represents the government in the above-referenced immigration habeas matter. The government's opposition in response to the habeas petition and motion for a preliminary injunction (the "PI Motion") is due November 16, 2021. I write respectfully, with petitioner's consent, to request permission to file under seal two declarations regarding the petitioner's medical diagnoses and treatment, which also attach his medical records from the detention facility. The records include additional information beyond what petitioner included as part of Petition Exhibit J (L.G.C.'s Medical and Mental Health Records, which were filed under seal). Consistent with this Court's Individual Rules, these documents will be filed under seal on ECF and electronically related to this letter motion.

      Although the Court's Individual Rules and Practices specifies that prior permission of the Court is not required to file certain documents (including medical records) under seal, the ECF filing system appears to contemplate that a party seeking to file under seal must reference a court order authorizing a sealed filing. The government therefore respectfully requests that the Court grant leave to file the two medical declaration and the petitioner's medical records under seal.

      The government respectfully submits that sealing is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), in light of the privacy interests of individuals in their medical records. *See, e.g.*, *Barnwell v. FCI Danbury*, No. 3:10-CV-01301 (DJS), 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (noting a rebuttable presumption of openness of court filings, but granting motion to seal in light of federal law's treatment of such records as confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191 (1996)). Courts in this District have permitted the sealing of medical records, even if specific details relating to the individual's health appear on the record. *See, e.g.*, *United States v. Needham*, 460 F. Supp. 3d 323, 324 n.1 (S.D.N.Y. 2020); *United States v. Estevez*, No. 18 Cr. 669 (JPO), 2020 WL 1911207, at *1 (S.D.N.Y. Apr. 20, 2020); *United States v. Ebbers*, 432 F. Supp. 3d 421, 423 n.1 (S.D.N.Y. 2020) (noting defendant's waiver through "extensively citing to his medical records and medical history in his own motion, in correspondence with the Court, and in open Court during oral argument on his motion").

I thank the Court for its consideration of this request.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    *s/ Rebecca R. Friedman*
REBECCA R. FRIEDMAN
Assistant United States Attorney
86 Chambers Street, 3rd floor
New York, New York 10007
Telephone: (212) 637-2614
Facsimile: (212) 637-2686
E-mail: rebecca.friedman@usdoj.gov

cc: Counsel of Record (via ECF)

```
Application GRANTED.  The Clerk of Court is directed to file
the Government's submissions at docket numbers 14 and 15 under
seal, viewable to the Court and parties only.

The Clerk of Court is further directed to terminate the pending
motion at docket number 13.

Dated:    November 16, 2021       SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE